## PAXTON v. PAXTON & EVANS, PRINTERS.
### (No. 6952.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1923. Rehearing Denied June 16, 1923.)

**Partnership** ⬅228—**Findings of fact held to support conclusions of law as to sale of interest to copartner and right to continue business in firm name.**

Findings of fact *held* sufficient to support conclusions of law that a partner sold and transferred to his copartner all his shares of stock and all his interest in their business, including his interest in the good will of the business and name under which it was conducted, and that thereafter the copartner had a right to continue the business under the firm name, whether as a partnership or a corporation.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by C. C. Paxton against Paxton & Evans, Printers. From a judgment for defendant, plaintiff appeals. Affirmed.

Lockett & Crowley and J. L. Lockett, all of Fort Worth, for appellant.

Slay, Simon & Smith, of Fort Worth, for appellee.

SMITH, J. Appellant Paxton brought this action to perpetually enjoin appellee, a corporation, from the use of the name "Paxton" in its corporate name and business. The injunction was denied, and Paxton has appealed. The cause was tried by the court without a jury, and the material facts are fully and fairly disclosed in the findings and conclusions filed below:

"I find that the plaintiff, C. C. Paxton (Carl C. Paxton), has resided in Fort Worth, in Tarrant county, Tex., for many, to wit, 30 years, during which time he has been engaged in the business of job printing and manufacturing stationer, under his own name or in connection with concerns using the name Paxton as part of the business style and has acquired a wide circle of friends and acquaintances and built up a valuable reputation for good quality of workmanship and excellence and promptness of service; that there is not and has not been during said time in Fort Worth or Tarrant county any other person by the name of Paxton engaged in similar business in said city or county.

"I find that about 16 years ago M. D. Evans and Carl C. Paxton formed a partnership and engaged in the job printing business and conducted said business under the firm name of Paxton & Evans, Printers, and the firm was generally known as Paxton & Evans, Printers, which name appeared on their sign and was used by them in their advertisements and that firm continued until about January 10, 1918. Under that name they acquired a wide circle of friends, and built up a valuable reputation for good quality of workmanship and excellence and promptness of service, and that through the joint efforts, control, and management of both Paxton and Evans and those employed by and associated with them in the conduct of said business, the good will and reputation of said business became and continued and now is a valuable asset.

"On or about January 10, 1918, said C. C. Paxton and M. D. Evans, together with one C. W. Harris, executed a written agreement, therein styled a 'declaration of trust' for the purpose as therein stated of organizing or creating a trust estate for the purpose of continuing said job printing business under the name and style 'Paxton & Evans, Printers,' which agreement is herein referred to as 'declaration of trust' for brevity and convenience and not as indicating any finding relative to its construction or legal effect. The said Harris took only a small amount of the stock, the majority thereof being still held by Paxton and Evans. The capital stock consisted of 210 shares of the par value of $100.

"On or about June 12, 1918, said C. C. Paxton, Marvin D. Evans and C. W. Harris entered into and executed a written instrument amending the so-called declaration of trust to increase the capital stock from 210 to 300 shares, all of the par value of $100 each, making the capital stock $30,000 instead of $21,000, as theretofore. The business was always conducted under the name of 'Paxton & Evans, Printers,' and the nature, character, and manner of conducting the same continued as before and under the same name.

"On or about June 1, 1920, C. C. Paxton sold to M. D. Evans his interest in said business, the contract of sale being in writing. According to the testimony of both Evans and Paxton, this written instrument evidenced the entire contract, and no agreement was then made other than covered by the terms of said instrument. The sale from Paxton to Evans was of eighty (80) shares of the capital stock for the consideration of $27,000, and I find that this consideration represented substantially more than the value of the physical properties, and was intended to cover the good will of the business and the style and firm name under which it was being conducted; and the good will of the business of 'Paxton & Evans, Printers,' as well as the name passed out of Paxton by virtue of said agreement. I also find that it was contemplated at the time Evans bought the stock of C. C. Paxton, that the business then being operated under the so-called declaration of trust might and could thereafter be incorporated and continued as a corporation under the same name.

"A few weeks after the transaction last above mentioned, plaintiff, in association with C. C. Shelton, under the name Paxton & Shelton, purchased a job printing and manufacturing stationer's business in Fort Worth, Tex., and subsequently plaintiff bought out the interest of his partner, Shelton, and continued the business for a time under the name of Paxton & Shelton; he then changed the style of the business, which is owned entirely by himself, to C. C. Paxton & Co., under which style his business is now and for several months has been conducted and advertised.

"On or about the ——— day of September,

1920, said M. D. Evans, C. W. Harris and P. H. Bryan, as incorporators, executed and filed in the office of the Secretary of State, articles of incorporation of the defendant corporation, Paxton & Evans, Printers; that there was no person named Paxton among the subscribers to the stock of said corporators, nor was there any person by the name of Paxton in any way interested or connected with said corporation. All the assets theretofore belonging to the business theretofore conducted in the name of Paxton & Evans, Printers, under declaration of trust, hereinbefore referred to, were assigned and transferred to said corporation, which has been since about January 1, 1921, and is now, conducting said business under the name and style Paxton & Evans, Printers, in which name it is listed and advertised in city and telephone directories, and in which style it is named on its advertising calendars and other literature and advertising mediums issued or utilized by it.

"Plaintiff and defendant are competitors in the business of job printer and manufacturing stationer in the city of Fort Worth, Tex., and its trade territory. After the plaintiff sold out and retired from the business, the business was continued by the defendant in the same manner as before, except that in any and all printed matter sent out, and which purported to give the individual names associated in the business, the name of the plaintiff, C. C. Paxton, was omitted. The defendant has been guilty of no fraudulent practice; no unfair competition and has, at all times acted in good faith towards the plaintiff; after the plaintiff complained of the use of his name, the defendant sent out notices to their customers and mailing lists that C. C. Paxton was not connected with the business of Paxton & Evans, Printers.

"The testimony discloses two instances of persons going to defendant for the purpose of getting two different jobs of work done, under the impression that plaintiff was still connected with the business; in one of which instances defendant's president and manager, M. D. Evans, learning of that fact, corrected the misunderstanding and directed the customer to plaintiff. In the other instance the work was done by the defendant without any knowledge of the fact that the customers came to the defendant thinking that C. C. Paxton was still connected with it. I find that the plaintiff sustained no damage in either of the instances above mentioned. I find that the good will of the business is due to the excellent work and prompt service built up through a series of years under the name of Paxton & Evans, Printers, and that the good will and reputation thus established is associated more with the name Paxton & Evans, Printers, than with the individuals who had been associated with the business."

Upon these findings of fact the court entered the following conclusions of law:

"I conclude that the plaintiff on June 1, 1920, for a valuable consideration sold and transferred to M. D. Evans all of the shares of stock and all of his interest in the business of 'Paxton & Evans, Printers,' as well as all of his right, title and interest in the good will

of and name under which said business has been and was then being conducted, namely, Paxton & Evans, Printers; that thereafter the defendant had the right to continue said business as before under the name of 'Paxton & Evans, Printers,' whether as a partnership or a corporation, and that the said plaintiff by said sale and transfer relinquished all of his right and title in and to the same.

"I conclude that the plaintiff is not entitled to the relief sought by the petition herein filed and judgment is rendered accordingly."

In our opinion, the evidence supports the findings of fact, and the latter support the conclusions of law, and we accordingly adopt as our own both the findings and the conclusions.

In his first, second, third, and fourth assignments of error, appellee attacks the fifth, eighth, tenth, and eleventh findings of fact, respectively; but, as in our opinion those findings are supported by sufficient testimony, we overrule the assignments mentioned.

In his fifth assignment of error, appellant challenges the conclusion of law of the court below to the effect that the defendant had the right to continue the business in controversy under the established name. In view of the findings of fact, however, we are of the opinion that under the authorities the conclusion was justified, and accordingly overrule the fifth, and last, assignment. 26 R. C. L., p. 367, § 47; Snyder Mfg. Co. v. Snyder, 54 Ohio St. 86, 43 N. E. 325, 31 L. R. A. 657.

The judgment is affirmed.